UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
LONDON

| | | |
|---|---|---|
| JEHSON JESSIAH, | ) | |
| | ) | Civil No. 12-144-GFVT |
| Petitioner, | ) | |
| | ) | |
| V. | ) | |
| | ) | **MEMORANDUM OPINION** |
| J.C. HOLLAND, | ) | **&** |
| | ) | **ORDER** |
| Respondent. | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Jehson Jessiah is an inmate confined in the Federal Correctional Institution in Manchester, Kentucky. Proceeding without counsel, Jessiah has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging his 2011 prison disciplinary conviction and resulting sanctions. [R. 1] The Court has reviewed the petition,[1] but must deny relief because under the circumstances presented Jessiah may not pursue his claims in a habeas corpus proceeding.

Jessiah alleges that the Unit Disciplinary Committee ("UDC") at the prison violated his right to due process guaranteed by the Fifth Amendment to the United States Constitution during

---

[1] The Court conducts a preliminary review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). Because the petitioner is not represented by an attorney, the petition is reviewed under a more lenient standard. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569, 573 (6th Cir. 2003). At this stage the Court accepts the petitioner's factual allegations as true and his legal claims are liberally construed in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). Once that review is complete, the Court may deny habeas relief "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions pursuant to Rule 1(b)). Otherwise, the Court may resolve the petition as law and justice require. *Hilton v. Braunskill*, 481 U.S. 770, 775 (1987).

a disciplinary proceeding on November 9, 2011. Jessiah was charged with "Refusing to Obey an Order," a BOP Code 307 violation, and "Lying to Staff," a BOP Code 313 violation. The UDC determined that based on the greater weight of the evidence, Jessiah was guilty of the "Refusing to Obey an Order" offense, but that he was not guilty of the "Lying to Staff" offense. The UDC ordered Jessiah to forfeit his job as "town driver" for 365 days and denied him telephone privileges for 180 days, until May 12, 2012. [R. 1-3 at 1] On appeal to the Mid-Atlantic Regional Office, the Regional Director found that the evidence better supported a conviction for lying to staff, the Code 313 offense, and modified Jessiah's disciplinary record accordingly, but did not alter the punishment imposed. [R. 3-1 at 3][2]

Because the disciplinary sanction Jessiah challenges in this proceeding did not affect either the validity of his conviction or the duration of his sentence, but instead affected only the conditions of his confinement, it may not be challenged in a habeas corpus proceeding. *Muhammed v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus; requests for relief turning on circumstances of confinement may be presented in a § 1983 action."); *Hodges v. Bell*, 170 F. App'x 389, 390 (6th Cir. 2006). Here, Jessiah lost his prison job as a town driver, and lost his telephone privileges for 180 days, but he did not forfeit any good time credits. Because the actions about which he complains had no effect on the duration of his sentence, they must be pursued as civil rights claims under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971). *Cf. Nerasin v. Lappin*, No. 11-1190, 2011 WL 5361274, at *5 (N.D. Ohio Nov. 3, 2011) ("habeas jurisdiction, even in cases attacking the execution of a

---

[2] Jessiah filed two motions to supplement his petition with additional documents and arguments in light of MARO's decision. [R. 2, 3] The Court will grant those motions, and has considered the additional materials in reaching its decision.

prisoner's sentence, only attaches if the prisoner is challenging a BOP decision that ultimately affects the length of his confinement"); *Ricco v. Conner*, 146 F. App'x 249, 253-54 (10th Cir. 2005) (federal prisoner's challenge to disciplinary conviction not resulting in loss of good time credits not cognizable in habeas); *Sullivan v. United States*, 90 F. App'x 862, 863 (6th Cir. 2004) ("§ 2241 is a vehicle not for challenging prison conditions, but for challenging matters concerning the execution of a sentence such as the computation of good-time credits."). The Court will therefore deny the petition without prejudice to Jessiah's right to assert his claims in a civil rights proceeding. *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004).

Accordingly, **IT IS ORDERED** that:

1. Jessiah's motions to supplement the petition [R. 2, 3] are **GRANTED.**

2. Jessiah's petition for a writ of habeas corpus [R. 1] is **DENIED**.

3. The Court will enter an appropriate judgment.

4. This matter is **STRICKEN** from the active docket.

This 6th day of February, 2013.



Signed By:
*Gregory F. Van Tatenhove*
United States District Judge